IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROLAND GARZA, | § | |
| | § | |
| *Plaintiff,* | § | SA-24-CV-00939-ESC |
| | § | |
| vs. | § | |
| | § | |
| HOME DEPOT USA, INC., | § | |
| | § | |
| *Defendant.* | § | |

### **ORDER**

Before the Court in the above-styled cause of action is Defendant Home Depot U.S.A., Inc's Motion for Summary Judgment [#23].  The District Court transferred this case to the docket of the undersigned after all parties consented to the jurisdiction of a United States Magistrate Judge [#15].  The undersigned therefore has authority to issue this Order pursuant to 28 U.S.C. § 636(c).  In evaluating the merits of Defendant's motion, the Court has considered Plaintiff's response [#24] and Defendant's reply [#25], as well as the evidence attached to the parties' briefing and the arguments of counsel at the Court's January 7, 2026 status conference.  For the reasons that follow, the Court will grant the motion.

### **I.  Background**

Plaintiff Roland Garza originally filed this action in state court, alleging that he was an invitee of Defendant Home Depot USA, Inc. ("Home Depot") on January 26, 2023, and tripped and fell on a concrete parking block in a Home Depot store parking lot.  (Orig. Pet. [#1-2], at 2.)  Garza contends that Home Depot was negligent in failing to warn its invitees of an unreasonably dangerous condition in the parking lot and/or failing to keep its premises in a reasonably safe

1

condition for Plaintiff and other business invitees. (*Id.* at 3.) Garza's Original Petition, which remains the live pleading, asserts a claim of premises liability and a claim of ordinary negligence based on the doctrine of *res ipsa loquitor* against Home Depot, seeking damages for personal injury. (*Id.* at 4.) Home Depot removed the case to this Court on the basis of diversity jurisdiction, as there is complete diversity of citizenship among the parties and the amount in controversy exceeds the jurisdictional threshold. (Notice of Removal [#1], at 2–3.) Home Depot has moved for summary judgment, arguing that it is entitled to judgment as a matter of law on both of Garza's claims.

## II.  Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts

indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.

### III. Analysis

Home Depot asks the Court to award it summary judgment on all of Garza's claims. For the reasons that follow, the Court will grant the motion.

**A.      Garza's premises-liability claim fails as a matter of law because there was no duty to warn of the open and obvious condition causing his injuries.**

Home Depot argues it is entitled to summary judgment on Garza's premises-liability claim because the condition causing Garza harm was open and obvious and therefore Home Depot had no duty to warn its invitees of the danger. The Court agrees with Home Depot.

Under Texas law, which governs this diversity action, a storekeeper is not an insurer of the safety of its invited customers. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 202, 203 (Tex. 2015); *McElhanny v. Thielepape*, 285 S.W.2d 940, 941 (Tex. 1956). To recover on a premises-liability theory, Garza must prove the following elements: (1) a condition on the premises posed an unreasonable risk of harm; (2) Home Depot knew or should have known of the danger; (3) Home Depot breached the duty of ordinary care by: (i) failing to adequately warn Garza of the condition; and (2) failing to make the condition reasonably safe; and (4) Home Depot's breach proximately caused Garza's injuries. *See State v. Williams*, 940 S.W.2d 583, 584–85 (Tex. 1996).

This case turns on whether the displaced parking block was an open and obvious danger, such that Home Depot had no duty to warn of its presence in the parking lot.  It is well established under Texas law that "[w]hen the danger is open and obvious, the property owner generally has no obligation to warn of the danger or make the premises safe, as a matter of law." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021).  "Whether a danger is open and obvious is a question of law determined under an objective test." *Id.*  "Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances."  *Id.* In evaluating whether a danger is open and obvious to a reasonably prudent person, this Court considers the totality of the circumstances. *Id.* at 788–89.  Texas courts have long held that even a visible condition may still be unreasonably dangerous when its placement, contrast, or surrounding circumstances make it difficult to perceive or avoid.  *See, e.g.*, *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970).

The summary judgment record establishes the following undisputed facts regarding Garza's fall and the allegedly unreasonably dangerous condition that caused it.  Garza was injured when he tripped over a displaced parking block jutting out into the pedestrian walkway in between rows of parked cars at a Home Depot Store in San Antonio, Texas, on January 26, 2023. (Incident Report [#23-1], at 1; Garza Dep. [#24-4], at 17: 17–24.)  The following photographs from the summary-judgment record depict the concrete parking block at issue.



(Ex. C [#23-3].)  As evidenced by the photos, the parking block is displaced from its intended location and is painted yellow—the same color of the painted lines delineating the various parking spots in the Home Depot lot.

A video recording of the incident confirms that the incident occurred during broad daylight on a sunny day and that numerous Home Depot customers easily noticed the parking block and intentionally avoided tripping by walking around it during the 17 minutes prior to Garza's injury and the almost 45 minutes after his fall captured on the video.   (Ex. D [#23-4].) Garza argues that there is a fact issue as to the open and obvious nature of the hazard created by the displaced parking block because it was in an area where customers expected a clear and

unobstructed path and the similarity in color between the parking block and the pedestrian striping made it harder to distinguish.  The Court disagrees with Garza's characterization of the evidence.

The facts in this case are closely analogous to another case applying Texas law involving an invitee tripping on a concrete parking block.  *See Taylor v. Goodwill Indus. of Fort Worth*, No. 02-23-00328-CV, 2024 WL 1100872 (Tex. App.—Fort Worth, Mar. 14, 2024).  The sole issue on appeal in *Taylor* was whether there was a genuine dispute of material fact as to whether the yellow concrete parking block that the plaintiff tripped on when leaving the store was an open and obvious danger such that the defendant had no duty to warn its invitees of the condition.  2024 WL 1100872, at *1.  The Texas appellate court rejected the plaintiff's argument that the parking block was camouflaged by its color and positioning next to parallel painted yellow stripes on the grey parking lot and affirmed the lower court's grant of summary judgment for defendant.  *Id.*  The *Taylor* court included this photograph of the parking block at issue and explained that it found no fact issue as to the open and obvious nature of the condition.  *See id.* at



*2.

As in this case, the concrete parking block in *Taylor* was painted yellow. *See id.* Like in this case, there were also yellow painted lines running parallel to the hazard on the area of the parking lot where the concrete block was situated. *See id.* Like in this case, the concrete block was positioned in an area marked off from cars that could be used by pedestrians. *See id.* Yet despite these facts, the *Taylor* court found the parking block to "openly and obviously differ[] from the parallel yellow striping in length, height, and depth." *Id.* Additionally, the *Taylor* court noted that the photograph "reflected no obstructions, such as poor lighting or weather conditions" that might "obscure a prudent pedestrian's view of the block," and that the plaintiff had tripped on a cloudy, dry day at 2:00 p.m. in the afternoon. *Id.*

Garza argues, like in *Taylor* that the parking block was camouflaged because it was painted yellow and blended with the diagonal pedestrian-striping on the parking lot. Yet the photographs in the summary-judgment record make clear that the parking block had the same length, height, and depth distinctions as identified by the court in *Taylor*, and the summary-judgment evidence establishes that numerous others easily noticed the hazard and avoided it.

As noted by the court in *Taylor*: "Failing to see a walkway obstacle is an ordinary human experience, but it does not mean that the overlooked obstacle is concealed from the view of a reasonably prudent person." *Id.* at *3 (internal quotation omitted). In contrast to this case, there was evidence in *Taylor* of other invitees tripping on the same parking block. But still, the *Taylor* court found there was no fact issue on the obvious presence of the block and that the other tripping incidents could have been due to texting while walking, hazardous weather conditions, or other routine activities distracting pedestrians from "otherwise-obvious obstructions." *Id.* Garza has not provided the Court with any evidence of other invitees tripping on the parking

7

block at issue in this case, and the totality of the circumstances do not raise a fact issue as to the open and obvious nature of the hazard at issue. Because there can be no genuine dispute that the condition identified by Garza as the cause of his injuries was objectively open and obvious to a reasonably prudent person, Home Depot did not have a duty to warn its invitees of the condition and Garza cannot prevail on his premises-liability claim.

**B.      Garza's claims are based on a theory of premises liability, not negligent activity.**

As noted, Garza pleads two alternative theories of negligence—ordinary negligence and premises liability. Home Depot argues in its motion for summary judgment that Garza cannot prevail on his claim of ordinary negligence because Garza has not articulated a theory of liability based on any negligent activity by a Home Depot employee, only that he tripped on a dangerous condition. The Court agrees.

Under Texas law, a person injured on another's property may have either a claim based on a negligent activity or premises liability against a property owner. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply." *Id.* "When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* Put another way, negligent activity "encompasses a malfeasance theory based on affirmative, contemporaneous conduct" by the property owner, while premises liability "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)).

"Negligent-activity and premises liability claims 'involve closely related but distinct duty analyses.'" *Id.* (quoting *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). The Texas

8

Supreme Court has recognized that "[t]he lines between negligent activity and premises liability are sometimes unclear, since 'almost every artificial condition can be said to have been created by an activity.'" *Del Lago*, 307 S.W.3d at 776 (quoting *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). As a result, plaintiffs frequently pursue both claims in the alternative, as here. *See Urena*, 162 S.W.3d at 550. Nevertheless, at some point, a plaintiff "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury." *Austin*, 746 F.3d at 197.

Home Depot asks the Court to limit Garza to a theory of premises liability and to prohibit him from pursuing his alternative theory of negligent activity at trial. The undersigned agrees that Garza's factual allegations may only be characterized as asserting a premises-liability claim and that Home Depot is entitled to summary judgment on Garza's claim of ordinary negligence.

To determine whether an incident resulted from a negligent activity or a dangerous condition, "Texas courts look to whether the activity that caused the condition was ongoing or had ceased when the injury occurred." *Mason v. Home Depot U.S.A., Inc.*, No. CV H-18-2306, 2019 WL 6330354, at *3 (S.D. Tex. Nov. 26, 2019) (citing *Occidental Chemical Corp.*, 478 S.W.3d at 644; *Keetch*, 845 S.W.2d at 265). "For example, if an injury resulted from a slippery floor after employees had completed whatever task caused the slipperiness, the claim must be brought as a premises defect." *Id.* (citing *Brooks v. PRH Investments, Inc.*, 303 S.W.3d 920, 924-25 (Tex. App.—Texarkana, 2010, no pet.) (holding that a mopped floor was premises defect because plaintiff testified she fell several minutes after employee stopped mopping); *Kroger Co. v. Persley*, 261 S.W.3d 316, 320–21 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that wet floor was premises defect where the employee activity ceased at least 15 minutes before the plaintiff fell)).

In contrast, "an injury caused directly by an employee while he is moving goods about a store is properly brought as a negligent activity claim." *Id.* (citing *Sibai v. Wal-Mart Stores, Inc.*, 986 S.W.2d 702, 705–707 (Tex. App.—Dallas 1999, no pet.) (holding that premises-liability theory had no application where injury resulted from employee striking plaintiff with his elbow while moving soft drinks from shopping cart). *See also Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985) (finding that case arising out of injury to plaintiff's finger during the moving of dirt while pouring concrete was not premises-liability case, as injury was "caused by an activity conducted on the premises"); *Laurel v. Herschap*, 5 S.W.3d 799, 802 (Tex. App.—San Antonio 1999, no writ) (holding injuries sustained as "contemporaneous result" of alleged negligent activity did not give rise to claim of premises liability).

Consistent with these principles, the Fifth Circuit affirmed an award of summary judgment to Home Depot on its claim of negligence in another case involving a trip-and-fall where a customer tripped on a wire shelf another customer had placed on the floor, holding that the injury did not result from any contemporaneous conduct by Home Depot and the action was "clearly a premises-liability case." *Vasquez v. Home Depot USA, Inc.*, No. 23-20457, 2024 WL 1597756, at *3 (5th Cir. Apr. 12, 2024). *See also Shelton v. Wal-Mart Stores Tex., LLC*, No. 4:24-CV-1299, 2024 WL 3744402, at *2 (S.D. Tex. Aug. 8, 2024) (dismissing plaintiff's negligence claim where she alleged injury due to Wal-Mart's failure to clean water spill in store or to warn patrons of dangerous condition, as there was no allegation of contemporaneous action taken by the defendant).

Here, Garza alleges that Home Depot was negligent "[i]n failing to warn invitees . . . of the dangerous condition that was on Defendants' premises"; "[i]n failing to maintain the premises in a reasonably safe condition"; "[i]n permitting a dangerous condition to exist"; "[i]n

10

failing to reasonably inspect the premises in order to discover the dangerous condition"; "[i]n failing to correct the dangerous condition, which was potentially created by inadequately maintaining"; "[i]n creating and/or maintaining a hazardous condition on its premises"; and "[i]n failing to implement and/or enforce policies and procedures to warn, remove, eliminate, or prevent the incident described herein."  (Orig. Pet. [#1-2], at 3–4.)  These allegations do not involve any assertion of malfeasance based on a contemporaneous activity by Home Depot and its employees.  Nor does the video evidence in the record show any employee maneuvering or otherwise creating the condition for the 17 minutes captured prior to the incident.  (Ex. D [#23-4].)  In *Keetch v. Kroger*, there was a 30-minute time difference between the employee's actions and the plaintiff's slip and fall, and the Texas Supreme Court determined there was no ongoing negligent activity and the case fell under a premises-liability theory.  *See* 845 S.W.2d at 264; *see also Persley*, 261 S.W.3d at 320–21.  Here, there is also no basis for an inference of negligent activity or malfeasance on the part of Home Depot contemporaneous with the incident in question, and this case sounds in premises liability.  Thus, Home Depot is entitled to summary judgment on Garza's negligence cause of action.

**IT IS THEREFORE ORDERED** that Defendant Home Depot U.S.A., Inc's Motion for Summary Judgment [#23] is **GRANTED** as to all of Plaintiff Roland Garza's claims.  The Court will enter a final judgment by separate order that Garza take nothing against Home Depot as to his claims.

SIGNED this 13th day of January, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE